# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELEMICA, INC., | |
|     Plaintiff, | C.A. No. 21-893-SB |
|     v. | |
| ECMARKET, INC. d/b/a CONEXIOM INC., | |
|     Defendant. | |

## **UNOPPOSED MOTION TO FILE UNDER SEAL**

Defendant ecMarket, Inc. ("ecMarket") respectfully moves this Court pursuant to Federal Rule of Civil Procedure 5.2, and Local Rule of Civil Practice and Procedure of the United States District Court for the District of Delaware 5.1.3[1] for entry of an order authorizing Defendant to file the seven addenda to the Rollout Agreement, dated November 23, 2009 (the "Addenda"), as mentioned in the Letter to the Honorable Stephanos Bibas from Steven L. Caponi regarding Legal Standard for the Claim of Injurious Falsehood, dated February 18, 2022 (Dkt. 28).

1. Although there is a "presumption in favor of public accessibility," this Court has authority to seal documents "when justice so requires," provided the party

---

[1] Local Rule of Civil Practice and Procedure of the United States District Court for the District of Delaware 5.1.3 requires that documents placed under seal be filed in accordance with CM/ECF procedures, which in turn requires that the authority for filing a document under seal be provided by a protective order or other order of the Court.

requesting sealing demonstrates that the "interest in secrecy outweighs the presumption" of access. *In re Motions for Access of Garlock Sealing Techs. LLC*, 488 B.R. 281, 299–300 (D. Del. 2013) (quoting *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 221 (3d Cir. 2011)).

2. The Court applies a "good cause" standard to justify sealing or redacting judicial records, which requires a "balancing process, in which courts weigh the harm of disclosing information against the importance of disclosure to the public." *Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507–08 (D. Del. 2012). For example, this Court has found good cause to redact "confidential financial information and licensing strategy," which "could cause real and serious harm" if disclosed, and is "the sort of material that courts have frequently redacted." *Id.* at 510. The Court also noted that good cause exists to seal or redact information such as "the pricing terms in license agreements, some other non-public financial information, trade secrets, and other proprietary technology." *Delaware Display Grp. LLC v. LG Elecs. Inc.*, 221 F. Supp. 3d 495, 497 (D. Del. 2016); *see also* Fed. R. Civ. P. 26(c)(1)(G) (identifying "confidential . . . commercial information" as one category of information that can be protected via court order).

3. Here, good cause to seal the Addenda exists because the documents are addenda to a software reseller agreement between the parties that contains commercially sensitive information.

4.     Defendant will comply with all applicable local rules and procedures regarding filing under seal through the Court's CM/ECF system, including the requirement to file a redacted version within seven (7) days of filing the sealed documents.

5.     Counsel for Plaintiff does not oppose this Motion.

6.     Defendant therefore, respectfully request entry of the attached order permitting the filing of the Addenda under seal.

Dated: February 23, 2022                    **K&L GATES LLP**

/s/ *Steven L. Caponi*
Steven L. Caponi (No. 3484)
Matthew B. Goeller (No. 6283)
Megan E. O'Connor (No. 6569)
600 N. King Street, Suite 901
Wilmington, DE 19801
Phone: (302) 416-7000
steven.caponi@klgates.com
matthew.goeller@klgates.com

Of Counsel:

Richard A. Saldinger
John Ambrogi
Latimer LeVay Fyock LLC
55 W. Monroe Street, Ste. 1100
Chicago, IL 60603
Phone: (312) 667-1359
rsaldinger@llflegal.com
jambrogi@llflegal.com

*Counsel for Defendant*