# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELEMICA, INC., | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) Case No. 21-cv-893-SB |
| ECMARKET, INC. d/b/a CONEXIOM INC., | ) ) ) ) |
| *Defendant.* | ) ) |

## STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff Elemica, Inc. ("Elemica" or "Plaintiff") and Defendant ecMarket, Inc. d/b/a Conexiom Inc. ("ecMarket" or "Defendant") recognize that discovery in the above-entitled litigation (the "Action") may involve the disclosure of certain documents, things, and information in the possession, custody, or control of a party or third party that constitute or contain trade secrets or other confidential information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure;

WHEREAS, the parties, through counsel, stipulate that good cause exists for the entry of this Protective Order pursuant to Rule 26(c) to prevent unnecessary dissemination or disclosure of such confidential information. *See* Fed. R. Civ. P. 26(c), *see also Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994).

IT IS HEREBY ORDERED:

1. Any party, including any third party that is not a named party to this Action, that provides information that is not publicly available in connection with this Action (hereafter "Information") may designate such Information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Stipulated Protective Order.

Each page of each document produced pursuant to discovery in this Action shall bear a unique identifying number.  The existence of this Stipulation and Protective Order shall be disclosed to any third-party producing documents, tangible things, testimony, or other information in this Action who may reasonably expect or desire confidential treatment for such documents, tangible things, or testimony.

    2.    Confidentiality Designations are to be applied as follows:

        a.    The designation of Information as CONFIDENTIAL shall constitute a representation to the Court, in good faith, that the Information is not reasonably believed to be in the public domain.  Access to Information designated as CONFIDENTIAL should be limited to those persons designated in ¶ 11.  Such designation is not an admission by either party that such documents are relevant or admissible in this Proceeding.  Further, the designation of Information as CONFIDENTIAL does not serve as a legal or judicial admission that such Information is CONFIDENTIAL.  Rather, such Information is deemed to be CONFIDENTIAL soley pursuant to and in connection with the terms of this Stipulated Protective Order and for no other purposes.  Notwithstanding the foregoing, or anything else herein, the names of persons reasonably likely to have information related to matters at issue in this litigation will not be redacted.

        b.    Information may be designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY if the designating party reasonably believes, in good faith, that it contains Information that is competitively sensitive, including, but not limited to, trade secrets or other confidential research, development, or commercial information, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and that the designating party believes, in good faith, that its disclosure to business competitors or the public would be injurious to the business, commercial, or financial interests of the designating party.  Access to Information

designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY should be limited to those persons designated in ¶ 10. Additionally, without limitation, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information includes (a) all copies, extracts, and complete or partial summaries prepared from such HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information; (b) deposition transcripts and exhibits thereto that contain, summarize, or reflect the content of any such HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information; (c) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain, summarize, or reflect the content of any such HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information; (d) written discovery responses, answers, or contentions that contain, summarize, or reflect the content of any such HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information; (e) expert reports and exhibits thereto that contain, summarize, or reflect the content of any such HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information; and (f) deposition testimony revealing HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information.  Further, the designation of Information as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY does not serve as a legal or judicial admission that such Information is HIGHLY CONFIDENTIAL.  Rather, such Information is deemed to be HIGHLY CONFIDENTIAL soley pursuant to and in connection with the terms of this Stipulated Protective Order and for no other purposes.

    c. CONFIDENTIAL and HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information does not include, and this Stipulation and Protective Order shall not apply to, information that is already in the knowledge or possession of the receiving party at the time the information is disclosed in connection with this Action, unless the receiving party is under an existing obligation not to disclose such information at the time the information is

3

disclosed in connection with this Action, or information that has previously been disclosed to the public or other third party in a manner making such information no longer confidential at the time the information is disclosed in connection with this Action.

3. Information may be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by placing on or affixing to the document or thing containing such information (in such a manner as will not interfere with the legibility thereof) the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The designations must be placed on each and every page (except for securely bound, internally paginated documents, where the confidential designation only need appear on the cover page).

4. Designation by stamping or labeling as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY need not be made with respect to all materials provided for inspection until copies of the materials are requested after inspection and selection by counsel. Making documents and things available for inspection shall not constitute a waiver of any claim of confidentiality.

5. Unless otherwise provided herein, masked or redacted copies of documents may be produced where the masked or redacted portions contain privileged matter. Any masking or redacting must be done such that the masking or redacting is conspicuous.

6. The failure to designate Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY prior to the production of that Information shall not preclude the disclosing party from later designating the Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. A disclosing Party may designate or redesignate Information after it has been produced by providing written

notice of such designation or redesignation to counsel for the receiving Party. Upon receipt of such a notice of designation or redesignation, counsel for the receiving Party shall take reasonable steps to ensure that the newly designated or redesignated Information, and any analyses, notes, memoranda or other work product that was generated based on such Information, is treated in conformity with the designation or redesignation.

7. In the event that any receiving Party objects to the designation of Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, said Party shall notify the designating party in writing, identify the specific documents or Information challenged and state the grounds or reasons for contesting the designations in writing, and confer with the designating party to attempt to resolve the dispute. If the designating party does not agree to remove the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation, then the party contending that such Information is not CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY may request by motion and in accordance with the rules of the Court that the Court remove such Information from the restrictions of this Order. The burden of demonstrating that the Information is CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be on the designating party. The Information shall continue to be treated in the manner designated by the designating party until the Court orders (or the parties agree) that the challenged designation be removed.

8. In the case of depositions, the following procedures shall be followed:

   a. Designation of deposition testimony and exhibits as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be made either by a statement to such effect on the record in the course of the deposition or upon review of the transcript by counsel for the disclosing party (if counsel notifies counsel for all named Parties to the Action of

the designation in writing within thirty (30) business days after counsel's receipt of the transcript). Counsel shall specify the line[s] and page numbers of the portions of the transcript containing CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information and serve copies of that list on counsel for all named Parties to the Action.

      b.      Pending such designation of Information by counsel, the entire deposition transcript, including exhibits, shall be deemed HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. If designations are not made on the record or within thirty (30) business days after receipt of the transcript, the transcript shall be considered not to contain CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information.

      c.      If designations are made on the record, the parties agree that the designating party will review the transcript within a reasonable time after the deposition and de-designate any portions of the transcript that do not rise to the level designated on the record.

      d.      Counsel for the party whose CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information may be disclosed at the deposition may also require that all persons who are not entitled to have access to such information under this Order leave the room during the confidential portion of the deposition.

9.      The named Parties to this Action, in conducting discovery from third parties, shall provide each third party a copy of this Order so as to inform each such third party of his, her, or its rights herein.

10.      HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information may only be disclosed to:

      a.      Outside attorneys from the law firms who have formally entered appearances in this Action on behalf of the named parties to this Action, and stenographic,

clerical, and legal assistant employees or contractors of those firms (including discovery vendors) whose functions require access to such information;

        b.      Outside experts or consultants who are not regular employees of a named Party to this Action and who are retained by a named Party or its counsel, such as independent technical experts, accountants, statisticians, economists, or other consultants, whose advice and consultation are being or will be used by such Party or its counsel in connection with this Action, including their stenographic or clerical personnel ("Outside Consultant"); provided that if such Outside Consultants are retained for the purpose of testifying in this Action, disclosures are made in accordance with paragraph 12 below.

        c.      Any witness when it is clear that the witness authored/received/was copied on the document.

        d.      The Court and authorized staff;

        e.      Outside copying and exhibit preparation services, outside jury consultants and trial consultants; and

        f.      Court reporters and videographers to the extent necessary to perform their work.

11.      CONFIDENTIAL Information may only be disclosed to:

        a.      Those persons or entities identified in paragraph 10 of this Order (under the conditions set forth in that paragraph); and

        b.      No more than three employees of each named party who have been designated to assist with the preparation of the prosecution or defense of this Action, provided such employees execute the Agreement To Abide By Stipulation And Protective Order in the form of attached Exhibit A.

12. Outside Consultants.

a. Prior to the disclosure of any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information to each testifying Outside Consultant, the receiving party shall give at least five (5) business days written notice to the party that produced such CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information providing:

   i. the name, business title, business address, and current employer of the Outside Consultant;

   ii. a copy of the proposed Outside Consultant's executed Exhibit A;

   iii. a copy of the proposed Outside Consultant's current *curriculum vitae* showing the proposed Outside Consultant's education and employment history;

   iv. a list of any previous or current relationship (personal, professional, financial or otherwise) with any of the parties; and

   v. a list of all other cases by name, case number, and location of court in which the Outside Consultant has testified (at trial or depositions) within the last five (5) years.  Such a listing may itself be designated under this Order.

b. Prior to disclosing any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information, the outside counsel for the receiving party shall determine that disclosure of that particular information is, in that counsel's good faith judgment, reasonably necessary to the party's representation.  If, during the five (5) business day notice period, the producing party serves, in writing, a good faith objection to the proposed disclosure

8

to showing the Outside Consultant CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information, there shall be no disclosure of such information to such Outside Consultant pending resolution of the objection. Consent to the disclosure of information to the Outside Consultant shall not be unreasonably withheld.

        c.      The producing party objecting to the disclosure of information to the Outside Consultant shall, within five (5) business days of receiving the written notice contemplated under paragraph 12.a, provide a detailed written explanation of the basis of its objection. If a producing party objects to the disclosure of information to an Outside Consultant, the parties must meet-and-confer regarding the objection within five (5) business days after such objection is served. The objecting party's consent to the disclosure of information to an Outside Consultant shall not be unreasonably withheld, and its objection must be based on that party's good faith belief that disclosure of its CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information to the Outside Consultant will result in business or economic harm to that party.

        d.      If the parties cannot resolve their dispute during this meet-and-confer, the producing party shall have five (5) business days from the date of the meet-and-confer to file an objection with the Court and seek a motion for protection or disqualification of the Outside Consultant or other appropriate relief. No CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information shall be provided to the proposed Outside Consultant until after resolution of the objection either by the parties or by the Court.

    13.    With respect to testimony elicited during hearings and other proceedings, whenever counsel for any Party deems that any question or line of questioning calls for the disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Information, before such disclosure, counsel may designate on the record that the disclosure may relate to CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information.  Whenever matter so designated is to be discussed in a hearing or other proceeding, any party claiming such confidentiality will make an appropriate request to the Court and follow the Court's procedures, which may include excluding personnel from the courtroom, for protecting disclosure of the Information from any person who is not entitled under this Order to receive such designated Information, based on the discretion of the Court.

14. The list of persons to whom CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information may be disclosed, identified in paragraphs 10 - 11, may only be expanded or modified by mutual agreement in writing by counsel of the named Parties without necessity of modifying this Order.

15. Disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information to any person described in paragraphs 10 - 11 of this Order shall be only for the purposes of the litigation-related activities in this Action, including any appeal, and for no other purpose whatsoever.  Prohibited purposes include, but are not limited to, use in any other Action or proceeding, use for competitive purposes or use in the prosecution of additional intellectual property rights.  Any person or entity receiving CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information pursuant to this Order shall use the Information solely for the purpose of conducting the above-captioned litigation, including any appeal, and not for any other purpose.  Such persons will maintain Information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in a prudent manner reasonably sufficient to secure such Information against unauthorized disclosure.

16. Any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information filed with the Court in connection with this Action shall be filed under seal in accordance with the provisions of District of Delaware Local Rule 5.1.3 and the Revised Administrative Procedures Governing Filing and Service by Electronic Means.  All such documents shall be marked in the caption that the material is being filed under seal by adding the marking "**CONFIDENTIAL – FILED UNDER SEAL**" below each case number appearing in the caption.  In addition, any document that is to be filed with the Court and that contains or discloses Confidential or Highly Confidential Information shall be marked "**CONFIDENTIAL – FILED UNDER SEAL**" on its cover page. Material designated Confidential or Highly Confidential and filed under seal shall be maintained in such manner as provided for by the Court.  However, the burden of proving that such document should be sealed shall at all times remain on the party that designated the document Confidential or Highly Confidential.

17. Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to a named Party/client in this Action and in the course thereof relying upon such attorney's examination of CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information; provided, however, that in rendering such advice and in otherwise communicating with such client, the attorney shall not disclose any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information to unauthorized persons.

18. Should any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information be disclosed, through inadvertence or otherwise, by the receiving Party to any person not authorized under this Stipulation and Protective Order, then the receiving Party shall, as soon as practicable after the discovery of such disclosure: (a) use its best efforts to obtain the return of any such CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY Information and to bind such person to the terms of this Stipulation and Protective Order; (b) inform such person of all provisions of this Stipulation and Protective Order; (c) identify such person to the disclosing party; and (d) request such person to sign the Agreement To Abide By Stipulation And Protective Order in the form attached hereto as Exhibit A.  The executed agreement shall be served upon counsel of record for the disclosing party within five (5) business days of its execution. Whether an executed agreement with such unauthorized person is reached, the receiving party shall inform the disclosing party immediately that any such inadvertent disclosure occurred and disclose the identity of the unauthorized person's who received such inadvertent disclosure.

19. Nothing in this Stipulation and Protective Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the right of any party to oppose discovery on grounds other than that the Information sought constitutes or contains CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information.  Nothing in this Stipulation and Protective Order shall be construed to require disclosure of Information which counsel contends is protected from disclosure by the attorney-client privilege or the attorney work-product immunity, or any other applicable privilege or immunity.

20. If Information subject to a claim of attorney-client privilege or work product immunity is inadvertently or mistakenly produced, such production shall in no way constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity.  Upon request by the disclosing party (i.e., "claw back request"), the receiving Party must take immediate steps in good faith to return the inadvertently produced Information to the disclosing party as soon as possible.  Moreover, any notes or summaries referring or relating to any such inadvertently or mistakenly produced Information subject to claim of immunity or privilege shall be destroyed.

In the event that any such Information is inadvertently or mistakenly produced, all copies of that document, and any notes or summaries relating thereto, that may have been made shall be destroyed to the extent practicable.

21. The restrictions and obligations set forth in this Stipulation and Protective Order relating to CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information shall not apply to any information which (i) the disclosing and receiving Parties agree, or the Court rules, is already public knowledge, (ii) the disclosing and receiving Parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving Party, or (iii) is in the receiving Party's legitimate possession independently of the disclosing party.

22. This Stipulation and Protective Order shall not prevent any party from applying to the Court for relief therefrom or from applying to the Court for further or additional protective orders.  Nothing herein shall prevent any party from disclosing its own CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information in any manner that it considers appropriate.

23. This Stipulation and Protective Order shall survive the termination of this Action. No part of the restrictions imposed by this Stipulation and Protective Order may be waived or terminated, except by the written stipulation executed by counsel for each disclosing party, or by an Order of the Court for good cause shown.  Notwithstanding the foregoing, if during the course of this Action the Court or the trier of fact determines that any Information designed as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY is not CONFIDENTIAL as a matter of fact or law, then such designation shall NOT survive the termination or conclusion of this Action.

24. After final termination of this Action, the counsel designated in paragraph 10(a) hereof for the receiving Party may retain one archival copy of deposition exhibits, Court exhibits, documents and other materials submitted to the Court, deposition transcripts and transcripts of court proceedings, and CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information to the extent it includes or reflects the receiving Party's attorney work product. Such material shall continue to be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information under this agreement. Within forty-five (90) days after final termination of this Action, counsel for the receiving Party shall either return all additional CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information in counsel's possession, custody, or control to counsel for the disclosing party or shall certify destruction thereof to such counsel. As to CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information reflected in computer databases or backup tapes, the receiving Party shall delete all such CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or shall impose passwords or designate the Information in a manner reasonably calculated to prevent unauthorized access to the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information.

25. If a third party provides discovery to any named Party in connection with this Action, and if the third party so elects, then the provisions of this Stipulation and Protective Order shall apply to such discovery as if such discovery were being provided by a named Party. Under such circumstances, the third party shall have the same rights and obligations under this Stipulation and Protective Order as held by the named Parties to this Action.

26. All notices required by this Stipulation and Protective Order may be served by e-mail to the counsel of record for the named Parties to this Action.

27. This Stipulation and Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the named Parties to this Action without further Order of the Court. This Stipulation and Protective Order shall not supersede any agreements between the named Parties regarding the confidentiality of Information entered into before the date of this Stipulation and Protective Order.

28. All Parties signing this Stipulation and Protective Order agree to submit this agreement to the Court to be entered as an Order in this matter.

29. Nothing in this Stipulation and Protective Order shall be deemed to limit or preclude the use in open Court of any documents or information produced pursuant to this Order, regardless of the designation of any such documents or information, in accordance with this Protective Order and the procedures of this Court.

30. Any party may petition the Court for good cause shown, in the event such party desires relief from a term or condition of this Stipulation and Protective Order.

31. The Court retains the right to allow disclosure of any subject covered by this Stipulation or to modify this Stipulation at any time in the interest of justice.

32. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information pursuant to this order

shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

| | |
|---|---|
| PANITCH SCHWARZE BELISARIO & NADEL LLP | K&L GATES LLP |
| | |
| */s/ John D. Simmons* | */s/ Megan E. O'Connor* |
| John D. Simmons (#5996) | Steven L. Caponi (#3484) |
| Keith A. Jones (#7011) | Megan E. O'Connor (#6569) |
| Wells Fargo Tower | K&L GATES LLP |
| 2200 Concord Pike, Suite 201 | 600 N. King Street, Suite 901 |
| Wilmington, Delaware 19803 | Wilmington, DE 19801 |
| Telephone: (302) 394-6030 | Telephone: (302) 416-7082 |
| Facsimile: (215) 965-1331 | steven.caponi@klgates.com |
| jsimmons@panitchlaw.com | megan.oconner@klgates.com |
| tbliss@panitchlaw.com | |
| kjones@panitchlaw.com | *Of Counsel:* |
| | |
| **Counsel for Plaintiff** | Richard A. Saldinger |
| **Elemica, Inc.** | LANDSMAN SALDINGER CARROLL, PLLC |
| | 161 N. Clark Street, Suite 1600 |
| | Chicago, IL 60601 |
| | Telephone: (312) 667-1359 |
| | saldinger@lsclegal.com |
| | |
| | **Counsel for Defendant** |
| | **ecMarket, Inc., d/b/a Conexiom, Inc.** |

Dated: May 10, 2023

SO ORDERED, this the ____ day of _____, 2023.

_____
UNITED STATES CIRCUIT JUDGE

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELEMICA, INC., | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-893-SB |
| | ) | |
| ECMARKET, INC. d/b/a CONEXIOM INC., | ) | |
| | ) | |
| *Defendant.* | ) | |

## **DECLARATION AND PROTECTIVE ORDER UNDERTAKING**

I certify that I have received and carefully read the Stipulated Protective Order ("Order") in the above-captioned Action and that I fully understand the terms of the Order. I recognize that I am bound by the terms of the Order, and I agree to comply with those terms. I hereby consent to the personal jurisdiction of the United States District Court for the District of Delaware for any proceedings involving the enforcement of the Order. I declare under penalty of perjury under the laws of the United States of America that this Declaration and Confidentiality Undertaking is true and correct.

EXECUTED this _____ day of _____, _____.

_____
Name

_____
Signature