IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELEMICA, INC., | ) |
| | ) |
|     *Plaintiff,* | ) |
| | ) |
|     v. | )   Civil Action No. 21-cv-893-SB |
| | ) |
| ECMARKET, INC. *d/b/a* | ) |
| CONEXIOM INC., | ) |
| | ) |
|     *Defendant.* | ) |

# SCHEDULING ORDER

This 24th day of May, 2023, the Court having waived an initial Rule 16 scheduling conference pursuant to Local Rule 16.1(a), IT IS ORDERED that:

    1.    <u>Rule 26(a)(l) Initial Disclosures.</u> The parties shall make their initial disclosures within twenty one days of the date of this Order. Fed. R. Civ. P. 26(a)(1).

    2.    <u>E-Discovery Default Standard</u>. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference. The Parties agree to waive the disclosures under Paragraph 3 of the Court's Default Standard for Discovery of Electronic Documents.

3. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before January 12, 2024.

4. <u>Discovery.</u> Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

    a. *Discovery Cut Off*. All fact discovery in this case shall be initiated so that it will be completed on or before November 17, 2023.

    b. *Document Production*. Document production shall begin by June 16, 2023 and be substantially complete by August 4, 2023.

    c. *Requests for Admission*. A maximum of 50 requests for admission are permitted for each side.

    d. *Interrogatories.*

        i. A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side. Fed. R. Civ. P. 33(a)(1).

        ii. The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level

of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

e. *Depositions*. Each side may conduct any number of depositions, subject to the time limit specified below.

   i. <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of 70 hours of taking testimony by deposition upon oral examination. Fed. R. Civ. P. 30(d)(1).

   ii. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the Parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

f. *Disclosure of Expert Testimony*.

   i. <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before January 12, 2024. The supplemental disclosure to contradict or rebut evidence on

the same matter identified by another party is due on or before March 8, 2024. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition within the 30 days following service of each report.

    ii.    <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

g. *Discovery Matters and Disputes Relating to Protective Orders.*

    i.    Should counsel find, after good faith efforts—including oral communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

Dear Judge Bibas:

The parties in the above-referenced matter write to request the

scheduling of a discovery teleconference. The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on [INSERT DATES].

The disputes requiring judicial attention are listed below:

[A NON-ARGUMENTATIVE LIST OF DISPUTES REQUIRING JUDICIAL ATTENTION]

    ii.    On that date, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. Within three days, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.

    iii.    In its discretion, the Court will schedule a teleconference to hear arguments on the dispute.

5.    <u>Motions to Amend.</u>

    a.    Any motion to amend (including a motion for leave to amend) a pleading shall *not* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

  b. Within seven days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five pages.

  c. Within three days thereafter, the moving party may file a reply letter, not to exceed two pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

6. <u>Motions to Strike.</u>

 a. Any motion to strike any pleading or other document shall *not* be accompanied by an opening brief but shall, instead, be accompanied by a letter , not to exceed three pages, describing the basis for the requested relief, and shall attach the document to be stricken.

 b. Within seven days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five pages.

 c. Within three days thereafter, the moving party may file a reply letter, not to exceed two pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

  7. <u>Application to Court for Protective Order.</u> Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel

should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within twenty one days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(g) above.

Any proposed protective order must include the following paragraph:

**Other Proceedings.** By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

8.     <u>Papers Filed Under Seal</u>. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.  Administrative Procedures Governing Filing and Service by Electronic Means § G.

9.     <u>Courtesy Copies.</u> The parties need not provide to the Court any courtesy copies of briefs, any other document filed in support of any briefs (such as  appendices, exhibits, declarations, and affidavits), or papers filed under seal.

10. <u>ADR Process.</u> After the filing of case dispositive motions, this matter *may* be referred to a magistrate judge to explore the possibility of alternative dispute resolution.

11. <u>Interim Status Report.</u> On August 18, 2023, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Then, if the Court deems it necessary, it will schedule a status conference.

12. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before March 22, 2024. Briefing will be presented pursuant to the Court's Local Rules. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

13. <u>Applications by Motion.</u> Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

14. <u>Duplicates</u>. The parties should not submit duplicates of the same document. If a party attaches a document as an exhibit to a motion, the opposing party should cite to that exhibit, rather than attaching a new exhibit of the same document to his own motion.

15. <u>Pretrial Conference</u>. On July 8, 2024, the Court will hold a pretrial conference in Court with counsel beginning at _____. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before June 9, 2024. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

16. <u>Motions in Limine</u>. Motions in limine shall not be separately filed. All in limine requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three (3) in limine requests, unless otherwise permitted by the Court. The in limine request and any response shall contain the authorities relied upon; each in limine request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the in limine request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an

9

in limine request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on in limine requests, unless otherwise permitted by the Court.

17. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) full business days before the final pretrial conference. The parties should also email Word versions of each document to Chambers.

18. <u>Trial</u>. This matter is scheduled for a 5 day trial beginning at 9:30 a.m. on July 15, 2024, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

_____
UNITED STATES CIRCUIT JUDGE