IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELEMICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> ECMARKET, INC. d/b/a CONEXIOM INC., <br><br> Defendant. | C.A. No. 21-893-CFC |

**DEFENDANT ECMARKET, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S SUPPLEMENTAL
COMPLAINT**

Defendant, ecMarket, Inc. ("Defendant" or "ecMarket"), by and through its undersigned counsel, for its Answer and Affirmative Defenses to the Supplemental Complaint filed by Plaintiff, Elemica, Inc. ("Plaintiff" or "Elemica"), states as follows:

**ANSWER**

1. This Action was initially filed on June 22, 2021, alleging, among other Counts, breach of a Mutual Confidentiality Agreement.

**Answer:** ecMarket admits the allegations contained in paragraph 1 of the Supplemental Complaint.

2. On July 7, 2021, ecMarket moved to dismiss the Complaint.

1

**Answer:** ecMarket admits the allegations contained in paragraph 2 of the Supplemental Complaint.

3. On March 29, 2022, the Court allowed Elemica to amend its Complaint, but in the process, ruled that Elemica could not assert a breach of contract claim because it did not point to a compensable injury.

**Answer:** ecMarket states that the holdings in the Court's March 29, 2022 Memorandum Opinion and Order speak for themselves, and ecMarket denies any allegations in paragraph 3 of the Supplemental Complaint that are inconsistent with the Court's March 29, 2022 Memorandum Opinion and Order.

4. Elemica filed its Amended Complaint on April 7, 2022.

**Answer:** ecMarket admits the allegations contained in paragraph 4 of the Supplemental Complaint.

5. The Mutual Confidentiality Agreement is dated September 28, 2007 and is already in the record in this matter as Exhibit A to the Amended Complaint.

**Answer:** ecMarket admits the allegations contained in paragraph 5 of the Supplemental Complaint.

6. The Mutual Confidentiality Agreement allowed Elemica and ecMarket to exchange Confidential Information with assurances that the Receiving Party could not disclose the Confidential Information or use the Confidential Information for any

purposes other than those specified by Paragraph 2(iii) of the Mutual Confidentiality Agreement.

**Answer:** ecMarket states that the terms of the Mutual Confidentiality Agreement speak for themselves, and ecMarket denies any allegations in paragraph 6 of the Supplemental Complaint that are inconsistent with the terms set forth in that Agreement.

7. Paragraph 1(a) of the Mutual Confidentiality Agreement defined Confidential Information broadly, including business affairs, business and marketing plans, data, customers, customer lists, customer needs and requirements documentation, trade secrets, prices, technology, accounting, and business systems.

**Answer:** ecMarket states that the terms of the Mutual Confidentiality Agreement speak for themselves, and ecMarket denies any allegations in paragraph 7 of the Supplemental Complaint that are inconsistent with the terms set forth in that Agreement.

8. Paragraph 2 of the Mutual Confidentiality Agreement relates to obligations of the Receiving Party of Confidential Information and states the Receiving Party "shall: … (ii) Refrain from disclosing any Confidential Information to any person, other than to such of its employees, agents, consultants and representatives to whom disclosure is necessary in connection with the Business Relationship or the Services and who shall be informed of said terms and agree in

writing to be bound by obligations at least as restrictive as those set forth herein. (iii) Use the Disclosing Party's Confidential Information solely in connection with (i) entering into the Business Relationship and (ii) the use and operation (including testing) of the Elemica Network and the Services and in connection with transactions conducted thereon."

**Answer:** ecMarket states that the terms of the Mutual Confidentiality Agreement speak for themselves, and ecMarket denies any allegations in paragraph 8 of the Supplemental Complaint that are inconsistent with the terms set forth in that Agreement.

9. Paragraph 4 of the Mutual Confidentiality Agreement states "[t]he non-disclosure and non-use obligations of this Agreement will remain in full force with respect to each item of Confidential Information for a period of five (5) years after Recipient's receipt of that item."

**Answer:** ecMarket states that the terms of the Mutual Confidentiality Agreement speak for themselves, and ecMarket denies any allegations in paragraph 9 of the Supplemental Complaint that are inconsistent with the terms set forth in that Agreement.

10. Paragraph 8(b) of the Mutual Confidentiality Agreement specifies that the state and federal courts in Delaware have exclusive jurisdiction over any controversy arising under the Mutual Confidentiality Agreement.

**Answer:** ecMarket states that the terms of the Mutual Confidentiality Agreement speak for themselves, and ecMarket denies any allegations in paragraph 10 of the Supplemental Complaint that are inconsistent with the terms set forth in that Agreement.

11. The Mutual Confidentiality Agreement has not expired or otherwise been cancelled or invalidated.

**Answer:** The allegations in paragraph 11 of the Supplemental Complaint set forth legal conclusions for which no response is required.  To the extent any response is required, ecMarket denies the allegations contained in paragraph 11 of the Supplemental Complaint.

12. In November 2009, Elemica and ecMarket entered into a Rollout Agreement ("the Rollout Agreement") under which ecMarket would provide certain services to Elemica and its customers.

**Answer:** ecMarket denies the allegations contained in paragraph 12 of the Supplemental Complaint except ecMarket admits that in November 2009, ecMarket and Elemica entered into an "ERPLink Rollout Agreement," the terms of which speak for themselves.  Further answering, ecMarket states that the parties entered into multiple addenda to the Rollout Agreement.  Accordingly, ecMarket denies any allegations in paragraph 12 of the Supplemental Complaint inconsistent with the terms of that Rollout Agreement and the addenda to that Rollout Agreement.

13. Under the Rollout Agreement, Elemica provides Confidential Information regarding its customers and their business to ecMarket. ecMarket provides data formatting services for Elemica and its customers.

**Answer:** ecMarket denies the allegations contained in paragraph 13 of the Supplemental Complaint except ecMarket admits that in November 2009, ecMarket and Elemica entered into an "ERPLink Rollout Agreement," the terms of which speak for themselves. Further answering, ecMarket states that the parties entered into multiple addenda to the Rollout Agreement. Accordingly, ecMarket denies any allegations in paragraph 13 of the Supplemental Complaint inconsistent with the terms of that Rollout Agreement and the addenda to that Rollout Agreement.

14. The Rollout Agreement explicitly incorporates and maintains the Mutual Confidentiality Agreement.

**Answer:** ecMarket denies the allegations contained in paragraph 14 of the Supplemental Complaint except ecMarket admits that in November 2009, ecMarket and Elemica entered into an "ERPLink Rollout Agreement," the terms of which speak for themselves. Further answering, ecMarket states that the parties entered into multiple addenda to the Rollout Agreement. Accordingly, ecMarket denies any allegations in paragraph 14 of the Supplemental Complaint inconsistent with the terms of that Rollout Agreement and the addenda to that Rollout Agreement.

15. On December 18, 2009, Elemica and ecMarket executed an Addendum to the Rollout Agreement.

**Answer:** ecMarket denies the allegations contained in paragraph 15 of the Supplemental Complaint except ecMarket admits the parties executed a document dated December 18, 2009 which purports to be a "Letter of Intent" between ecMarket and Elemica.

16. On November 4, 2011, Elemica and ecMarket executed a Second Addendum to the Rollout Agreement.

**Answer:** ecMarket denies the allegations contained in paragraph 16 of the Supplemental Complaint except ecMarket admits the parties executed an Addendum dated November 4, 2011, which is another Addendum to the Rollout Agreement.

17. On December 7, 2011, Elemica and ecMarket executed a Third Addendum to the Rollout Agreement.

**Answer:** ecMarket denies the allegations contained in paragraph 17 of the Supplemental Complaint except ecMarket admits the parties executed an Addendum dated December 7, 2011, which is another Addendum to the Rollout Agreement.

18. On February 20, 2014, Elemica and ecMarket executed a Fourth Addendum to the Rollout Agreement.

**Answer:**  ecMarket denies the allegations contained in paragraph 18 of the Supplemental Complaint except ecMarket admits the parties executed an Addendum dated February 20, 2014, which is another Addendum to the Rollout Agreement.

19. On August 1, 2016, Elemica and ecMarket executed a Fifth Addendum to the Rollout Agreement.

**Answer:**  ecMarket denies the allegations contained in paragraph 19 of the Supplemental Complaint except ecMarket admits the parties executed an Addendum dated July 1, 2016, which is another Addendum to the Rollout Agreement.

20. On February 9, 2018, Elemica and ecMarket executed a Sixth Addendum to the Rollout Agreement.

**Answer:**  ecMarket denies the allegations contained in paragraph 20 of the Supplemental Complaint except ecMarket admits the parties executed an Addendum dated February 5, 2018, which is another Addendum to the Rollout Agreement.

21. On July 19, 2019, Elemica and ecMarket executed a Seventh Addendum to the Rollout Agreement.

**Answer:**  ecMarket denies the allegations contained in paragraph 21 of the Supplemental Complaint except ecMarket admits the parties executed an Addendum dated July 16, 2019, which is another Addendum to the Rollout Agreement.

22.     Through the Addenda, the Rollout Agreement was effective until March 1, 2022, and none of the Addenda override the Mutual Confidentiality Agreement.

**Answer:**   ecMarket denies the allegations contained in paragraph 22 of the Supplemental Complaint except ecMarket admits the Rollout Agreement expired on March 1, 2022.  Further answering, ecMarket states that the terms contained in the Rollout Agreement and the multiple Addenda to the Rollout Agreement speak for themselves, and ecMarket denies any allegations in paragraph 22 of the Supplemental Complaint that are inconsistent with the terms contained in the Rollout Agreement and Addenda thereto.

23.     Under the Mutual Confidentiality Agreement, the Rollout Agreement, and the Addenda, ecMarket received Confidential Information from Elemica and its customers.  This Confidential Information included not only the customers' names, but also the customers' needs and requirements, data, software, pricing, and their business systems.  ecMarket processed well over two hundred thousand individual messages under the Rollout Agreement and each message includes Confidential Information from Elemica and its customers.  Processing of many of the messages involve proprietary mapping protocols that are designed for individual customers and documents.

9

**Answer:** ecMarket denies the allegations contained in paragraph 23 of the Supplemental Complaint except ecMarket admits that prior to March 2, 2022, ecMarket processed purchase orders for certain customers using mapping protocols developed and maintained by ecMarket. Further answering, ecMarket states that the terms contained in the Mutual Confidentiality Agreement, Rollout Agreement and the multiple Addenda to the Rollout Agreement speak for themselves, and ecMarket denies any allegations in paragraph 23 of the Supplemental Complaint that are inconsistent with the terms contained in the Rollout Agreement and Addenda thereto.

24. Since the Amended Complaint was filed, Elemica discovered that ecMarket improperly used this Confidential Information to solicit at least three customers in connection with efforts to divert business from Elemica to ecMarket, directly causing injury to Elemica in the form of lost business opportunities, concessions given to retain existing customers, and the loss of one customer entirely. These losses total several million dollars.

**Answer:** ecMarket denies the allegations contained in paragraph 24 of the Amended Complaint.

**COUNT III**
**Breach of Contract**

25. Elemica hereby repeats and incorporates the allegations contained in Paragraphs 1 through 24 as if fully set forth herein.

**Answer:** ecMarket hereby incorporates by reference herein its answers to paragraphs 1 through 24 of the Supplemental Complaint as its answer to paragraph 25 of the Supplemental Complaint.

26. The Mutual Confidentiality Agreement is and has been for all times relevant to this Complaint, a valid and enforceable contract between Elemica and ecMarket.

**Answer:** The allegations in paragraph 26 of the Supplemental Complaint set forth legal conclusions for which no response is required. To the extent any response is required, ecMarket states that the Mutual Confidentiality Agreement evidences a contractual relationship between Elemica and ecMarket and that ecMarket complied with all of its obligations pursuant to that contractual relationship.

27. ecMarket breached the Mutual Confidentiality Agreement by using Elemica's customers' names and business information for purposes other than those allowed under the Mutual Confidentiality Agreement.

**Answer:** ecMarket denies the allegations contained in paragraph 27 of the Supplemental Complaint.

28. Elemica has performed all conditions, covenants, and promises required by the Mutual Confidentiality Agreement.

**Answer:** ecMarket denies the allegations contained in paragraph 28 of the Amended Complaint.

29. Elemica seeks damages incurred as a result of ecMarket's breach of the Mutual Confidentiality Agreement. Elemica's damages include at least any business gained by ecMarket through use of Elemica's Confidential Information and any lost business opportunities, concessions given to retain existing customers, and/or loss of customers suffered by Elemica.

**Answer:** ecMarket admits that Elemica seeks damages through its Supplemental Complaint. ecMarket denies the remaining allegations contained in paragraph 29 of the Supplemental Complaint.

## DEFENDANT'S DEMAND FOR JURY TRIAL

ecMarket demands a jury trial on all issues so triable.

## AFFIRMATIVE DEFENSES

ecMarket asserts the following defenses without prejudice to the denials in this Answer, without admitting any allegations of the Supplemental Complaint not otherwise admitted, and without admitting or denying it bears the burden of proof as to any of them. These additional defenses are based on the facts and information currently known to ecMarket. ecMarket reserves the right to amend or add additional defenses, including instances of inequitable conduct, based on the facts later discovered, pled or offered.

### First Affirmative Defense

The Supplemental Complaint, and each purported claim asserted therein, fails to state a claim for which relief can be granted and/or fails to plead the allegations with sufficient particularity for multiple reasons including, but not limited to, Elemica's failure to allege (i) what allegedly confidential information ecMarket improperly used in breach of the Mutual Confidentiality Agreement, (ii) which "customers" ecMarket improperly solicited with allegedly confidential information, and (iii) how ecMarket's alleged use of such allegedly confidential information caused Elemica to suffer any damages. Any damages alleged by Elemica are purely speculative in nature.

### PRAYER FOR RELIEF

WHEREFORE, ecMarket prays for judgment in its favor and against Elemica as follows:

    A.    That the Court enter judgment against Elemica and in favor of ecMarket on the claims asserted in Elemica's Supplemental Complaint, and that the Supplemental Complaint be dismissed with prejudice; and

    B.    That the Court grant and/or award to ecMarket any and all further relief that the Court deems just and proper.

Dated: July 28, 2023	K&L GATES LLP

 

            <u>/s/ *Steven L. Caponi*</u>
            Steven L. Caponi (No. 3484)
            Matthew B. Goeller (No. 6283)
            Megan E. O'Connor (No. 6569)
            600 N. King Street, Suite 901
            Wilmington, DE 19801
            Phone: (302) 416-7082
            steven.caponi@klgates.com
            matthew.goeller@klgates.com
            megan.oconnor@klgates.com

            *Counsel for Defendant/Counterplaintiff ecMarket, Inc. d/b/a Conexiom, Inc.*

            *Of Counsel:*

            LANDSMAN SALDINGER CARROLL, PLLC

            <u>/s/ *Richard A. Saldinger*</u>
            Richard A. Saldinger
            161 N. Clark, Ste. 1600
            Chicago, IL 60601
            Phone: (312) 291-4650
            saldinger@lsclegal.com

            *Counsel for Defendant/Counterplaintiff ecMarket, Inc. d/b/a Conexiom, Inc.*