**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ELEMICA, INC.,<br><br>     Plaintiff,<br><br>        v.<br><br>ECMARKET, INC. d/b/a<br>CONEXIOM INC.,<br><br>     Defendant. | C.A. No. 21-893-SB |

**DEFENDANT/COUNTER-PLAINTIFF'S RULE 30(b)(6)**
**NOTICE OF DEPOSITION TO ELEMICA, INC.**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, Defendant/Counter-Plaintiff, ecMarket, Inc. d/b/a Conexiom, Inc. ("ecMarket" or

"Conexiom"), by and through its attorneys, will take the deposition by oral examination of

Plaintiff/Counter-Defendant, Elemica, Inc. ("Elemica" or "Plaintiff").  The deposition will begin

at 10:00 a.m. (EST) on December 20, 2023, by  Zoom video conferencing means.  The

deposition will also be taken before a notary public or other officer authorized to administer

oaths and recorded by stenographic means, and will continue until completed.

Pursuant to Rule 30(b)(6), Plaintiff, Elemica, Inc., must designate to counsel for

ecMarket one or more officers, directors, managing agents, or other persons who consent to

testify on Plaintiff, Elemica, Inc.'s behalf with respect to the matters for examination identified

in Schedule B below and in accordance with the Definitions and Instructions in Schedule A.

Plaintiff, Elemica, Inc., is requested to designate such persons at least seven (7) days in advance

of the deposition and must indicate the matters on which each person will testify.

## SCHEDULE A

## DEFINITIONS

1.    References to "Plaintiff" or "Elemica" shall mean, unless otherwise specified in a particular request, Elemica, Inc. and any of its subsidiaries, parents and affiliates, corporate predecessors and successors, past or present agents, owners, shareholders, employees, officers or directors, and any and all other persons acting on its behalf.

2.    References to "Defendant" or "Conexiom" shall mean, unless otherwise specified in a particular request, ecMarket, Inc. and any of its subsidiaries, parents and affiliates, corporate predecessors and successors, past or present agents, owners, shareholders, employees, officers or directors, and any and all other persons acting on its behalf.

3.    "Rollout Agreement" shall mean the written "ERPLink Rollout Agreement for use by Elemica for its Print-to-XML offering" dated November 23, 2009 by and between Elemica, Inc. and ecMarket, Inc.

4.    "First Letter of Intent" shall means the Letter of Intent between ecMarket and Elemica dated October 29, 2008.

5.    "Second Letter of Intent" shall mean the Letter of Intent between ecMarket and Elemica dated December 18, 2009.

6.    "First Addendum" shall mean the addendum to the Rollout Agreement dated November 4, 2011.

7.    "Second Addendum" shall mean the addendum to the Rollout Agreement dated December 7, 2011.

8.    "Third Addendum" shall mean the addendum to the Rollout Agreement dated February 20, 2014.

9.      "Fourth Addendum" shall mean the addendum to the Rollout Agreement dated July 1, 2016.

10.      "Fifth Addendum" shall mean the addendum to the Rollout Agreement dated February 5, 2018.

11.      "Sixth Addendum" shall mean the addendum to the Rollout Agreement dated July 16, 2019.

12.      The "Addenda" shall collectively refer to the First Addendum, Second Addendum, Third Addendum, Fourth Addendum, Fifth Addendum and Sixth Addendum.

13.      "Confidentiality Agreement" shall refer to the Mutual Confidentiality Agreement dated September 28, 2007 entered into between Elemica and ecMarket.

14.      "Confidential Information" shall have the meaning ascribed to it in the Confidentiality Agreement.

15.      "Customer Confidential Information" shall mean: (i) the needs and requirements of any Elemica customer that received the Conexiom service using Elemica's QuickLink software; (ii) the sales volumes and habits of any Elemica customer that received the Conexiom service using Elemica's QuickLink software; (iii) Elemica's allegedly proprietary flat-file format; (iv) knowledge as to how to map Elemica's allegedly proprietary flat-file format for the benefit of any Elemica customer; and (v) any other information that Elemica contends to be confidential and/or proprietary *other than* the fact that such Elemica customer used or was using Elemica's QuickLink software

16.      The "Muse Email" shall mean the November 9, 2021 email sent by David Muse, a copy of which is attached as Exhibit C to ecMarket's Counterclaims filed by ecMarket in the Lawsuit.

17.     The "Lawsuit" shall refer to the above-captioned litigation pending in the United States District Court for the District of Delaware.

18.     "Amended Complaint" shall refer to the Amended Complaint filed by Elemica against ecMarket in the Lawsuit.

19.     "Supplemental Complaint" shall refer to the Supplemental Complaint filed by Elemica against ecMarket in the Lawsuit.

20.     "Answer" shall refer to the Answer and Affirmative Defenses filed by Elemica in response to the Counterclaims filed by ecMarket in the Lawsuit.

21.     "Counterclaims" shall mean the Counterclaims filed by ecMarket in the Lawsuit.

## INSTRUCTIONS

1.     This deposition notice is directed to Elemica and covers all information in Elemica's possession, custody or control, including information in the possession, custody or control of Elemica's officers, employees, agents, servants, representatives, attorneys, or other persons directly or indirectly employed or retained by you, or anyone else acting on your behalf or otherwise subject to Elemica's control, and any merged, consolidated, or acquired predecessor or successor, parent, subsidiary, division or affiliate, including, without limitation, information in any corporate archives or document collection of any kind over which Elemica exercises any authority to access or control access to any degree.

2.     These deposition topics must be construed to encompass their fullest permissible scope under the Federal Rules.

3.     A deposition topic requesting information, identification, or description of any fact includes, without limitation, a request for the identification and description of all persons with knowledge of such fact, and all documents relating to such fact.

4.      Whenever in this deposition notice there is a request for information relating to or identifying a "person," where the person is a natural person, this includes at least the person's: (a) full name; (b) current and last known business and residence address; (c) employer's name and address; and (d) position, title and/or occupation.

5.      Whenever in this deposition notice there is a request for information relating to or identifying a "person," where the person is not a natural person, this includes at least the person's: (a) full name; (b) the form of its organization (e.g., corporation, partnership, etc.); (c) present or last known principal place of business; (d) contact information including telephone number and email address; and (e) business or field of activity.

6.      Deposition topics calling for numerical or chronological information shall be deemed, to the extent that precise figures or dates are not known, to call for estimates. In each instance that an estimate is given, it should be identified as such together with the source of information underlying the estimate.  Elemica must supplement its answers if it becomes aware of more accurate estimates or answers.

7.       If Elemica currently lacks information to answer a question pertaining to these deposition topics, please answer with: (a) the responsive information currently available; (b) the responsive information currently unavailable, including an identification of such information as you believe to exist; (c) efforts which Elemica intends to make to secure the information currently unavailable; and (d) when Elemica anticipates receiving the information currently unavailable.

8.      If Elemica does not know the answer to a deposition question on the listed deposition topics, please identify the person(s) who know(s) or would be expected to know the answer to such discovery request.

## SCHEDULE B

## TOPICS FOR EXAMINATION

1.      Elemica's policies, procedures, practices, and actions regarding document preservation in connection with the claims and counterclaims in this action including, but not limited to, the: (a) identity of all Persons notified or instructed to preserve documents or things (including but not limited to former Elemica employees); (b) date(s) on which each person was notified or instructed to preserve documents or things; (c) what steps each such person took to preserve and collect documents or things; and (d) the identity of the person(s) who provided notification or instruction to each such person.

2.      Elemica's policies, procedures, practices, and actions regarding document production in connection with the claims and counterclaims in this action including, but not limited to, the method by which the documents produced and to be produced by Elemica in this action were or are to be gathered and produced and an identification of who gathered or will gather the documents and when.

3.      Elemica's standard policies, procedures, practices, and actions regarding document preservation, including its policy for retaining or deleting emails.

4.      Elemica's efforts to search for documents responsive to ecMarket's discovery requests in this action.

5.      Elemica's negotiation and execution of the First Letter of Intent.

6.      Elemica's negotiation and execution of the Second Letter of Intent.

7.      Elemica's negotiation and execution of the Mutual Confidentiality Agreement dated September 28, 2007.

8.      Elemica's negotiation and execution of the ERPLink Rollout Agreement dated

November 25, 2009.

9.      Elemica's negotiation and execution of the First Addendum.

10.     Elemica's negotiation and execution of the Second Addendum.

11.     Elemica's negotiation and execution of the Third Addendum.

12.     Elemica's negotiation and execution of the Fourth Addendum.

13.     Elemica's negotiation and execution of the Fifth Addendum.

14.     Elemica's negotiation and execution of the Sixth Addendum.

15.     The meaning of "1,300" within the "Credit = P x F x 1,300" formula in the Sixth Addendum.

16.      The names of any and all current or former Elemica customers whom ecMarket allegedly solicited by using Customer Confidential Information, and the facts and documents supporting Elemica's sworn response to ecMarket's First Set of Interrogatories that ecMarket used such Customer Confidential Information during any solicitation of a current or former Elemica customer.  The Elemica corporate representative should be prepared to testify regarding: (i) the name of the Elemica customer allegedly solicited by ecMarket; (ii) the precise Customer Confidential Information used by ecMarket in connection with its solicitation of that Elemica customer; (iii) the name of the ecMarket representative(s) who disclosed the Customer Confidential Information; and (iv) the individual or individuals employed by such Elemica customer to whom ecMarket disclosed such Customer Confidential Information.

17.     The facts and documents supporting Elemica's sworn statements that: (i) Conexiom inappropriately contacted Honeywell and used Elemica's confidential information to solicit business from Honeywell; (ii) Honeywell has chosen to divert all new business to Conexiom and has "frozen Elemica out of the process of potentially growing its business with

8

Honeywell; and (iii) Honeywell's potential business represents "hundreds of thousands of potential transactions and potentially millions of dollars of revenue."

18.     The facts and documents supporting Elemica's sworn statement that DuPont demanded millions of dollars' worth of concessions from Elemica based on Conexiom's competing proposal and use of Elemica's confidential information.

Dated:  November 30, 2023                    **K&L GATES LLP**

/s/ *Steven L. Caponi*
Steven L. Caponi (No. 3484)
Matthew B. Goeller (No. 6283)
Megan E. O'Connor (No. 6569)
600 N. King Street, Suite 901
Wilmington, DE  19801
Phone:  (302) 416-7000
steven.caponi@klgates.com
matthew.goeller@klgates.com
megan.oconnor@klgates.com

*Of Counsel*:

Richard A. Saldinger
LANDSMAN SALDINGER
   CARROLL, PLLC
161 N. Clark Street, Suite 1600
Chicago, IL  60601
Phone:  (312) 667-1359
saldinger@lsclegal.com

*Counsel for Defendant*