

**JOHN D. SIMMONS**
Direct Dial: (302) 394-6001
jsimmons@panitchlaw.com

January 10, 2024

**REDACTED VERSION**

The Honorable Stephanos Bibas
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re:   ***Elemica, Inc. v. ecMarket Inc. d/b/a Conexiom Inc.***
       **D. Del. Civil Action No. 21-893-SB**

Dear Judge Bibas:

This letter is submitted on behalf of the Plaintiff Elemica, Inc. ("Elemica") seeking an order compelling the production of the communications between the Defendant ecMarket, Inc.'s ("ecMarket" now known as "Conexiom") counsel and one of its 30(b)(6) witnesses, John Cadigan, Conexiom's Vice President, Cloud Operations & CSO, regarding a spreadsheet ("ECM558") created solely for purposes of this litigation.

Conexiom is attempting to rely on ECM558 to support its breach of contract counterclaim but is shielding the underlying communications by asserting the work-product privilege, preventing Elemica from forming a full defense to the counterclaim. Conexiom's use of ECM558 waives the work-product privilege to the underlying communications about ECM558, and thus, disclosure of the communications is warranted.

### Background

Cadigan was designated to testify as a 30(b)(6) witness regarding Conexiom's document preservation and production. Cadigan was ***not*** noticed as a fact witness under 30(b)(1). Two days before Cadigan's 30(b)(6) deposition on December 20, 2023, Conexiom produced ECM558 and stated that Cadigan would be testifying about it during his 30(b)(6) deposition. (Ex. 1).

[1]

In April 2019, Elemica asked Conexiom to remove ~1300 Spokecos from Conexiom's production environment (i.e., its active database of Spokecos). In response, Conexiom gave Elemica two options: (1) The Spokecos are not removed, and a discount is provided; and (2) The Spokecos are removed for a one-time fee. Elemica chose the first option.

Conexiom alleges that

---

[1] Notably, this comparison was ***not*** responsive to Plaintiff's 30(b)(6) topics and was produced *sua sponte* by Conexiom.



### **Argument**

Conexiom is using the work-product privilege improperly and unfairly as a sword and a shield. Conexiom cannot use a spreadsheet created solely for the purpose of this litigation (i.e., attorney work-product) to support its breach of contract counterclaim while simultaneously asserting the work-product privilege to prohibit Elemica from the underlying communications surrounding ECM558. *Advanced Micro Devices, Inc. v. Intel Corp.*, 2008 U.S. Cist. LEXIS 125410 at \*27-29 (D. Del. Mar. 6, 2008); *In re Welded Constr., L.P.*, 2021 Bankr. LEXIS 345 at \*15 (Bankr. D. Del., Feb. 15, 2021). If this litigation tactic is allowed it would "undermine the adversary system, and would let the work-product privilege 'be used as a tool for manipulation of the truth-seeking process.'" *Feld v. Fireman's Fund Ins. Co.*, 991 F.Supp.2d 242, 252-53 (D.D.C. 2013) (quoting *In re Sealed Case*, 676 F.2d 793, 818, 219 U.S. App. D.C. 195 (D.C. Cir. 1982)). A subject matter waiver and "at issue" waiver are both applicable to the communications between Cadigan and Saldinger, and thus disclosure of these communications is warranted.

A subject matter waiver of undisclosed communications pursuant to Rule 502(a)[4] occurs "[w]hen a disclosure waives privilege or work-product protection, that waiver will extend to undisclosed documents or communication if: 1) the waiver is intentional; 2) the disclosed and undisclosed communications or information concern the same subject matter; and 3) they ought in fairness be considered together." *Shire LLC v. Amneal Pharms.*, 2014 U.S. Dist. LEXIS 53802, at

---

[2] The parties have a dispute about which Spokecos were "deactivated" and by whom.

[3]

[4] An explanatory note to Rule 502(a) of the Federal Rules of Evidence provides that one of the major purposes of Rule 502(a) is that: "It resolves some longstanding disputes in the courts about the effect of certain disclosures of communications or information protected by the attorney-client privilege or as work-product - specifically those disputes involving inadvertent disclosure and subject matter waiver." Fed. R. Evid. 502(a) advisory committee's note to 2008 amendment.



18 (D.N.J. Jan. 10, 2014) (citing Fed. R. Evid. 502(a)).

A straightforward application of Rule 502(a) in this case dictates that the communications underlying ECM558 should be disclosed. Conexiom disclosed ECM558 in discovery to prove its counterclaim intentionally waiving the work-product protection as to ECM558.

And lastly, the fairness prong weighs in Elemica's favor.

As explained above, Conexiom created ECM558 to support its breach of contract counterclaim; therefore, prohibiting Elemica from thoroughly probing into the origins of ECM558, which was not made during the ordinary course of business and rather at the direction of counsel during this litigation, disadvantages Elemica. Without access to the underlying communications Elemica cannot fully analyze ECM558 or determine the truthfulness of ECM558. *See Hawk Mountain LLC v. Mirra*, 2016 U.S. Dist. LEXIS 20232, at *5-6 (D. Del. Feb. 19, 2016) (quoting Fed. R. Evid. 502(a) advisory committee's note to 2008 amendment).

Elemica also asserts that Conexiom has waived its protection of the communications between counsel and Cadigan according to the "**at issue**" waiver set out in *Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994). The "at issue" waiver "only applies when a party puts the actual contents of an attorney-client communication or work product-protected material at issue in support of its claim." *FinancialApps, LLC v. Envestnet, Inc.*, 2023 U.S. Dist. LEXIS 16678 at *27 n.14 (D. Del. Jan. 31, 2023) (*citing Sensormatic Elecs., LLC v. Genetec (USA) Inc.*, 2022 U.S. Dist. LEXIS 194046, 2022 WL 14760185, at *2 (D. Del. Oct. 20, 2022)); *see also In re Grand Jury Proceedings*, 219 F.3d 175, 182 (2d. Cir. 2000)("[A] party cannot partially disclose privileged communications or affirmatively rely on privileged communications to support its claim or defense and then shield the underlying communications from scrutiny by the opposing party.")

As previously discussed, ECM558 supports a crucial aspect of Conexiom's counterclaim. Conexiom has put ECM558 and the underlying communications "at issue" in this litigation and the work-product protection concerning the underlying communications is waived. *See Feld*, 991 F.Supp.2d at 252-53.  The timing of its production is also noteworthy – ECM558 was produced five days before the close of deposition discovery demonstrating Conexiom's need for it as proof of its counterclaim.

Elemica respectfully requests an order compelling Conexiom to disclose all communications between outside counsel and Conexiom regarding the creation and purpose of ECM558. In the alternative, Elemica respectfully requests an order requiring Conexiom to produce these communications it is claiming are work-product for an *in camera* review.

Respectfully submitted,
*/s/ John D. Simmons*
John D. Simmons (DE Bar No. 5996)

# EXHIBIT 1

December 18, 2023, Email from Richard Saldinger attaching ECM558

**<u>REDACTED VERSION</u>**

| | |
|---|---|
| **From:** | Richard Saldinger |
| **To:** | John D. Simmons; Keith A. Jones |
| **Cc:** | "O"Connor, Megan E."; "Caponi, Steven L." |
| **Subject:** | Elemica v. ecMarket |
| **Date:** | Monday, December 18, 2023 10:00:22 PM |
| **Attachments:** | image001.png |
| | ECM 558 - ELEMICA Invoice Review Read Only.xlsx |

---

**External Email:** USE CAUTION.

---

Keith and John,

In response to Elemica's recent testimony regarding the deactivation of the "1,300 Maps," John Cadigan will be testifying on Wednesday regarding the attached spreadsheet, which he prepared.

Let me know if you have any questions prior to Mr. Cadigan's deposition.  Thank you.

Rich

Richard Saldinger
Landsman Saldinger Carroll  |  Attorneys at Law
161 N. Clark Street  |  Suite 1600  |  Chicago, IL 60601
MAIN  312.291.4650  |  DIRECT  312.291.4652  |  FAX  872.757.1661
saldinger@lsclegal.com
www.lsclegal.com



**Think Strategically. Dominate Effectively.**

---

 Virus-free.www.avast.com

# EXHIBIT 2

December 20, 2023, John Cadigan deposition transcripts (Vol. 1 and 2)

**<u>REDACTED VERSION</u>**

Page 1



Page 5

SO



Page 9

Page 11

Page 10

Page 12



Page 13

Page 15

Page 14

Page 16



Page 17

18



Page 21

Page 23

Page 22

Page 24



Page 25

Page 27

Page 26

Page 28



Page 29

Page 30



Page 33

Page 34

Page 35

```
 1          C E R T I F I C A T E
 2
 3              I hereby certify that the witness
 4   was duly sworn by me and that the deposition is a
 5   true record of the testimony given by the witness.
 6
 7
 8
 9   ------------------------
10          Dolores M. Horne
11          Dated:  December 21, 2023
12
13
14
15   (The foregoing certification of this transcript
16   does not apply to any reproduction of the same by
17   any means, unless under the direct control and/or
18   supervision of the certifying shorthand reporter.)
19
20
21
22
23
24
```

```
18
19
20
21
22
23
24
```



Page 1

Page 4



Page 5

Page 8



Page 9

Page 11

Page 10

Page 12



Page 13

Page 14



Page 17

Page 19

Page 18

Page 20



Page 21

Page 23

Page 22

Page 24



Page 25

Page 27

```
 1                  C E R T I F I C A T E
 2
 3
 4                            December 20, 2023
 5
 6
 7             I hereby certify that the evidence and
 8   proceedings are contained fully and accurately in the
 9   notes taken by me of the testimony of the within
10   witness who was duly sworn by me remotely and that
11   this is a correct transcript of the same.
12
13
14                    Steven R. Mack
15                   _____
                     Steven R. Mack
16                   Registered Merit Reporter
                     Certified Realtime Reporter
17                   Notary Public
18
19
20
21
22
23
24
25
```

19
20
21
22
23
24
25

