

<div style="text-align:right">
JOHN D. SIMMONS<br>
Direct Dial: (302) 394-6001<br>
jsimmons@panitchlaw.com
</div>

March 4, 2024

**FILED VIA CM/ECF**
The Honorable Stephanos Bibas
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

    Re:    ***Elemica, Inc. v. ecMarket Inc. d/b/a Conexiom Inc.***
             **D. Del. Civil Action No. 21-893-SB**
             **Reply to ecMarket Inc.'s Opposition to Elemica Inc.'s**
             **Motion to Strike the Affidavit of Jon C. Carrow**

Dear Judge Bibas:

        This letter is submitted on behalf of the Plaintiff Elemica, Inc. ("Elemica") in reply to Defendant ecMarket, Inc.'s ("ecMarket" d/b/a "Conexiom") letter (D.I. 157)[1] in opposition to Elemica's February 22, 2024 letter (D.I. 151) seeking an order striking the Affidavit ("Affidavit") of Jon C. Carrow ("Carrow"). (Ex. A).

        Defendant argues that the motion is premature because it has not filed the Affidavit with a summary judgment motion.[2] If Defendant represents that it will ***not*** use the Affidavit in any summary judgment briefing then the motion to strike is moot. However, there can be no other purpose for the Affidavit other than Summary Judgment,[3] and therefore, Plaintiff respectfully requests that the Court resolve this matter under its inherent powers for judicial economy or reconsider this Motion to Strike along with Summary Judgment if Defendant does rely on the Affidavit during Summary Judgment.

        Following this Court's Scheduling Order (D.I. 59), Elemica was left without an opportunity to cross-examine Mr. Carrow, contrary to Conxiom's assertion. (D.I. 157, p. 4). Elemica did not receive the Affidavit until the Friday before the close of deposition discovery after this Court stated it "will not look favorably on any further requests to delay the close of

---

[1] On March 1, 2024, Plaintiff agreed to allow defendant to file its opposition letter a day late due to a miscalculation of time, however, Plaintiff did not anticipate Defendant would file four days late, i.e., filing at 9:15 PM after the 5:00 filing cut-off on Friday. Following Defendant's untimely motion to amend its counterclaims (D.I. 153), Defendant has now engaged in subsequent dilatory behavior.

[2] During the parties' February 20 meet and confer, Defendant did not assert it will not rely on the Affidavit in its summary judgement briefing, which would have rendered this issue moot.

[3] The Affidavit cannot be used at trial as Defendant cannot demonstrate that Carrow is not within the subpoena power of the Court. Carrow is within the subpoena power of this Court and should be required to testify in person. See Exhibit B (Carrow's address and distance from the J. Caleb Boggs Courthouse).

Case 1:21-cv-00893-SB   Document 159   Filed 03/04/24   Page 2 of 2 PageID #: 1123



Page 2
March 4, 2024

discovery." (D.I. 121).  Conexiom argues that Elemica is not prejudiced by the Carrow Affidavit. Even though prejudice is not a necessary showing to strike an affidavit pursuant to Rule 56(c)(4), Elemica will clearly be prejudiced if Conexiom is allowed to rely on the Affidavit that was produced only one week before the close of deposition discovery.

Conexiom's argument that as a representative for DuPont under FED. R. CIV. P. 30(b)(6) Carrow "can rely on both his personal knowledge as well as the knowledge of other DuPont employees" in the Affidavit is misguided. (D.I. 157, p. 4). FED. R. CIV. P. 30(b)(6) is irrelevant. Rule 30(b)(6), ("Notice of Subpoena Directed to an organization"), pertains to the deposition testimony of a corporate designee. Conexiom did not subpoena DuPont pursuant to Rule 30(b)(6). Conexiom subpoenaed Carrow and his former colleagues, Angela Sanderson and Karen Williams, pursuant to FED. R. CIV. P. 45 in their personal capacities. See Exhibit C. Moreover, Conexiom never deposed Carrow. Notably, in making this argument Conexiom admits that Carrow relied on "knowledge of other DuPont employees."

In the Affidavit, Carrow also admits that he does not have personal knowledge and relied on unidentified employees for information. See Exhibit A, ¶ 1. Despite this admission, Conexiom argues that the personal knowledge requirement of FED. R. CIV. P. 56(c)(4) is satisfied because courts have held that if "the declarant is one who is within the 'sphere of responsibility' regarding the information on which he is testifying, the court may infer the declarant contains the requisite personal knowledge and is competent to testify." *Guiliano v. RPG Mgmt. (In re NWL Holdings, Inc.)*, 2013 Bankr. LEXIS 2360 at *14-15 (Del. Bankr., June 4, 2013). Therefore, Conexiom is asking this Court to infer that Carrow has personal knowledge of all the information in the Affidavit because he held a former leadership position at DuPont, despite Carrow's admission that he does "not have direct personal knowledge." Exhibit A, ¶ 1.

Further, the Affidavit is not based on personal knowledge because Carrow states he "believes" the information he has gathered from unidentified DuPont employees to "be true and correct to the best of [his] . . . belief." Elemica highlighted this problem with the Affidavit in its February 22, 2024 letter (D.I. 151, p. 2); however, Conexiom does not address this problem in its opposition letter. *See* (D.I. 157). In fact, one of the Fifth Circuit cases Conexiom cites in support of its argument that this Court should infer Carrow has the requisite personal knowledge states "an affidavit cannot affirmatively state that it is only based on 'information and belief.'" *DIRECTTV Inc. v. Budden*, 420 F.3d 521, 530 n.40 (5th Cir. 2005) (quoting *Bolen v. Dengel*, 340 F.3d 300, 313 (5th Cir. 2003)) ("Because Dengel's affidavit is expressly based merely on information and belief, it is struck as not based on personal knowledge and therefore fails the requirements of summary judgment evidence.").

Conexiom argues that Carrow does not need to state his willingness to testify under oath. Without such a statement, this Court and Elemica cannot know whether the affiant is willing to testify under oath, and thus cannot know if Carrow is competent to testify on the matters in the Affidavit.  Elemica respectfully requests that this Court issue an order striking the Affidavit.

        Respectfully submitted,
        */s/ John D. Simmons*
        John D. Simmons (DE Bar No. 5996)

2