# K&L GATES

March 4, 2024

Steven L. Caponi
Partner
steven.caponi@klgates.com

T +1 302 416 7080
F +1 302 416 7020

**Via ECF**
The Honorable Stephanos Bibas
United States District Court
For the District of Delaware
**Re:  *Elemica Inc. v. ecMarket Inc.*; C.A. No. 21-893-SB**

Dear Judge Bibas:

ecMarket, Inc. ("ecMarket") submits this reply in support of its motion for leave to file its amended counterclaims (the "Motion") and in response to Elemica's opposition.  *See* Dkt. Nos. 153, 155.

Elemica argues that "good cause" does not exist because the proposed amended counterclaims are based on facts known to both parties through emails from 2019 and 2021 (*see* Dkt. 155 Exs. A-B) and criticizes ecMarket's failure to cite to specific deposition testimony supporting its Motion.  *Id.* at 2  Elemica also argues the "lack of documents [ecMarket] may have been anticipating would exist does not demonstrate that [ecMarket] discovered new information that it did not already possess."  *Id.* at 4.  These arguments lack merit.

In answering ecMarket's counterclaim, Elemica did not admit that it entered into the April 9 Agreement.  Rather, Elemica gave a series of complete denials or vague, ambiguous denials to the material allegations.  *See* Dkt. 55 ¶¶ 20-26.  Rather than acknowledging the April 9 Agreement, Elemica answered with:  "The email in question speaks for itself.  Denied to the extent ecMarket's characterization of the events is inconsistent with the email itself."  *Id.* ¶¶ 20-22.  Without a clear admission by Elemica, ecMarket needed discovery to determine whether Elemica would concede the parties reached an agreement via email on April 9, 2019.

ecMarket was not "anticipating" the production of documents that would refute the April 9 Agreement, but it needed to determine whether Elemica could produce any such documents.  The non-existence of documents refuting or modifying the April 9 Agreement could not be confirmed until document production was complete.

As to deposition discovery, Elemica does not refute or attempt to refute ecMarket's summary of the testimony of the three, key Elemica witnesses (Messrs. Squillacioti, Palladino and Delizia).  Nevertheless, Elemica asks this Court to deny the Motion because ecMarket does not provide specific cites to deposition testimony.  This argument is a non-starter.

Exhibits 1, 2, and 3 hereto contain the relevant excerpts from the depositions of Messrs. Squillacioti, Palladino and Delizia.  Mr. Squillacioti testified that he provided a specific list of dormant "Spokecos" to ecMarket, that he agreed on behalf of Elemica to "Option 1" and that the deal never changed after April 1, 2019.[1]  Although copied on the relevant emails as Elemica's Chief Financial Officer, Mr. Palladino had no recollection (one way or the other) of the April 9 Agreement or Elemica's request for the deactivation of the "1,300 Dormant Maps," and no involvement in the negotiation and execution of the Seventh Addendum.[2]  Mr. Palladino testified that the deal reached via email is ***not*** the same as the agreement in the Seventh Addendum.  *Id.*

---

[1] *See* Ex. 1 at 56:3-57:15; 60:16-22; 72:1-73:15; 77:16-78:3; 96:11-97:19; and 99:16-24.
[2] *See* Ex. 2 at 12:2-7; 24:10-15; 26:12-19; 40:6-24; 65:16-67:9; and 83:2-11.

Mr. Palladino, however, could not explain why Elemica would still be entitled to a discount regardless as to whether the "Inactive Spokecos" were deactivated or remained on ecMarket's production network.  *Id.*

The testimony of Elemica's in-house counsel – Brad Delizia – highlights that ecMarket did ***not*** possess all the relevant facts through having the emails.  Mr. Delizia – Elemica's Rule 30(b)(6) witness on this topic (*see* Dkt. 125 at 8) – testified that those email communications are/were meaningless to Elemica:[3]

- "I was waiting for [ecMarket] to send over an amendment … until then it's – an email is just an email."  *See* Ex. 3 at 124:3-11.
- "As I said, there's often times in my experience where…people can have conversations as well and may supplement, amend, change, whatever. So I just tend to wait for the final document, and then … I'm going to start doing my job.  I tend not to do my job before it."  *Id.* at 125:2-126:4.
- "Again, I'm reading this email just like everyone else does. ***It's vague*** and…one references trading partners [and] one references maps …" *Id.* at 128:16-20 (emphasis added).
- "I don't tend to get into specifics…just because this is done in emails, things can still change until I get the agreement. They can still have conversations and all that stuff." *Id.* at 129:3-7.

Elemica cannot argue that the emails alone outline the salient facts and simultaneously assert that those same emails were vague and meaningless because things could change.  Once ecMarket completed the depositions and pinned down Elemica's position, it acted diligently in seeking leave to amend its counterclaims with due consideration to the February 15, 2023 scheduled mediation. *See* Dkt. 153 at 2.[4]  Thus, ecMarket satisfies the "good cause" requirement.

"In proving prejudice, the non-moving party "must do more than merely claim prejudice; it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely." *Freres v. SPI Pharma, Inc.*, 2009 U.S. Dist. LEXIS 43740, *11 (D. Del. June 25, 2009) (citing *Bechtel v. Robinson*, 886 F.2d 644, 652 (3rd Cir. 1989)).  Elemica claims undue prejudice but fails to explain how that would be the case.  The key witnesses have now testified, and all documents have been produced. Contrary to Elemica's bald conclusions, the amended counterclaims are not "radically" different (*see* Dkt. 155 at 5) and Elemica would suffer no prejudice.

Elemica does not argue that the amended counterclaims would be futile.  They would not be.

For all of the foregoing reasons, ecMarket respectfully requests that this Court grant ecMarket's motion to amend its counterclaims.

---

[3] For the avoidance of doubt, ecMarket attaches all the pages from the 12/18/23 transcript of Elemica's in-house counsel – Brad Delizia – regarding the topic of the "1,300 Dormant Maps" and the Seventh Addendum.  *See* Ex. 3.  In support of its Motion, ecMarket respectfully directs the Court's attention to the following excerpts of the transcript: 123:14-124:11; 125:2-127:19; 128:8-130:8; 132:6-133:20; and 140:6-141:13.

[4] Elemica's criticism of ecMarket's timing is hypocritical.  Elemica's January 2024 production of numerous documents (*see* Dkt. Nos. 136, 137, 139, 142 and 147) has necessitated the scheduling of a Rule 30(b) deposition on 3/19/24.

Respectfully submitted,

*/s/ Steven L. Caponi*

Steven L. Caponi, Esq. (No. 3484)

cc:  All counsel of record (via electronic filing)