# EXHIBIT A

**\*\*\* Contains Information Designated Confidential Under the Protective Order \*\*\***

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELEMICA, INC. | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| v. | ) | Civil Action No. 21-893-SB |
| ECMARKET INC. *d/b/a* CONEXIOM INC. | ) | |
| | ) | JURY TRIAL DEMANDED |
| *Defendants.* | ) | |
| | ) | |
| | ) | |

## PLAINTIFF ELEMICA, INC.'S AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT/COUNTER-PLAINTIFF ECMARKET, INC.'S FIRST SET OF INTERROGATORIES TO ELEMICA, INC.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Delaware (the "Local Rules"), and Judge Stephanos Bibas's Individual Rules and Practices in Civil Cases (the "Individual Rules") Plaintiff Elemica, Inc. ("Elemica" or "Plaintiff") hereby serves Defendant/Counter-Plaintiff ecMarket Inc. ("ecMarket" or "Defendant") with the following amended responses and objections to Defendant's First Set of Interrogatories to Plaintiff (Nos. 1-15) ("Interrogatories").

Elemica responds generally that its discovery and investigations of facts relevant to this litigation are ongoing. Elemica's responses herein are given without prejudice to Elemica's right to amend or supplement in accordance with Fed. R. Civ. P. 26(e), the Local Rules for the United States District Court for the District of Delaware, or any other schedule or ruling entered by the Court.

Elemica's responses are made to the best of Elemica's present knowledge, information, and belief. Elemica's responses are subject to additional or different information that discovery or further investigation may disclose, supplementation, or amendment, as may be needed based on further discovery or investigation. Elemica reserves the right to make any use of, or to

introduce at any hearing and at trial, information and/or documents responsive to these Interrogatories but discovered subsequent to the date of this response, including, but not limited to, any such information or documents obtained in discovery herein or located in Elemica's files or elsewhere as part of Elemica's collection efforts in support of discovery and fact investigation.

Elemica's responses to these Interrogatories do not constitute admissions regarding the existence of any documents or information, to the relevance or admissibility of any documents or information, or to the truth or accuracy of any statement or characterization contained in Defendants' Interrogatories.

## GENERAL OBJECTIONS

1.    Elemica objects to the Interrogatories (including without limitation the definitions and instructions) to the extent they attempt to impose obligations on Elemica greater than those permitted under the applicable Federal Rules of Civil Procedure and Local Rules.

2.    Elemica objects to the Interrogatories as overly broad and not proportional to the needs of the case to the extent they seek information concerning products or activities other than those at issue in this case.

3.    Elemica objects to the Interrogatories to the extent they seek material covered by attorney-client privilege, the work product doctrine, or any other applicable privilege.

4.    Elemica objects to the Interrogatories to the extent they seek information that is in the possession of ecMarket, is as easily obtained by ecMarket as by Elemica, is part of the public record, including the record in any litigation other than this case to which Elemica and ecMarket are both party, or is within ecMarket's knowledge, custody, or control.

5.    Elemica objects to the Interrogatories to the extent they are duplicative.

6.     Elemica objects to the Interrogatories to the extent that they seek information and documents that belong solely to third parties that are not within Elemica's possession, custody, or control.

7.     Elemica objects to the Interrogatories to the extent that they assume disputed facts or legal conclusions in defining the documents requested or information sought. Elemica hereby denies any such disputed facts or legal conclusions. Any information or documents provided by Elemica with respect to any such interrogatory should not be construed as an adoption of or agreement with such disputed facts or legal conclusions.

8.     Elemica objects to the phrases "each," "all," "any" and "or," as used throughout the Interrogatories, as being overly broad and unduly burdensome.

9.     The foregoing General Objections are to be incorporated by reference into each and every Interrogatory below.

## RESPONSES TO INDIVIDUAL INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each and every current and/or former customer of Elemica that ecMarket allegedly improperly solicited in any manner in connection with ecMarket's alleged efforts to "divert business from Elemica," as alleged in paragraph 27 of the Amended Complaint. Your answer should include the name of the customer, the person or persons contacted by ecMarket and the date(s) and method(s) of such contact, i.e., whether by email, telephone call and/or in-person.

### RESPONSE:

Elemica objects to this interrogatory to the extent it seeks "each and every" relevant customer, as that information lies in ecMarket's possession. Elemica intends to seek discovery of such information. Based on the information currently in Elemica's possession, ecMarket improperly solicited at least the following customers:

********** BEGIN CONFIDENTIAL PORTION OF RESPONSE **********



********** END CONFIDENTIAL PORTION OF RESPONSE **********

**INTERROGATORY NO. 2:**

For each customer or customer identified in response to Interrogatory No. 1, identify with specificity the "Confidential Information" that ecMarket allegedly used to solicit such customer(s) and how ecMarket allegedly used that "Confidential Information" to solicit suchcustomer(s) in an attempt to divert business from Elemica to ecMarket.

**RESPONSE:**

Elemica objects to this interrogatory to the extent it seeks information that lies in

ecMarket's possession. Elemica intends to seek discovery of such information. Based on the

information currently in Elemica's possession, for each customer listed above, ecMarket used at

least the fact that each customer was using Elemica's QuickLink software, the customers' needs

4

and requirements within that software (i.e., maps and business process rules), the customers'
sales volumes and habits, and knowledge of Elemica's proprietary flat-file format and how to
map to Elemica's proprietary flat-file format to tailor its solicitations to each customer in ways
that could not have been achieved had ecMarket not had Elemica's Confidential Information.

**INTERROGATORY NO. 3:**

Identify the factual basis for Elemica's allegation that ecMarket's alleged misuse of the
Confidential Information was "willful and malicious," as alleged in paragraph 28 of the Amended
Complaint.

**RESPONSE:**

ecMarket's actions were willful and malicious in that at all relevant times, ecMarket
knew of its confidentiality obligations with respect to Elemica's Confidential Information and
yet willingly violated those obligations in soliciting Elemica's customers. The actions were also
willful and malicious because ecMarket at all times knew it was mischaracterizing its
relationship with Elemica and the nature of Elemica's software and willingly continued to do so.
ecMarket even continued these activities after receiving notice from Elemica that it must stop
with a wanton disregard for its confidentiality obligations under the MNDA. Further evidence
includes the fact that as the Rollout Agreement was within months of its end, ecMarket suddenly
ceased adding any new Hubcos to the parties' production environment.

**INTERROGATORY NO. 4:**

Identify with specificity the Confidential Information that Elemica contends are also the
"trade secrets" of Elemica and/or Elemica's customers, as alleged in paragraph 38 of the Amended
Complaint.

**RESPONSE:** All of Elemica's customers' needs and requirements, as described in response to
interrogatory 2, are the trade secrets of Elemica.

**<u>INTERROGATORY NO. 5:</u>**

Identify with specificity the method(s) by which ecMarket improperly used Elemica's Confidential Information and/or trade secrets for purposes other than those set forth in the Confidentiality Agreement, as alleged in paragraph 40 of the Amended Complaint. Your answer should include the "Confidential Information" used by ecMarket and to whom such Confidential Information was improperly disclosed by ecMarket.

**<u>RESPONSE:</u>**

Elemica objects to this interrogatory as duplicative of interrogatory no. 2. Elemica

incorporates its response to interrogatory no. 2.

**<u>INTERROGATORY NO. 6:</u>**

Identify with specificity the nature and amount of damages that Elemica has incurred as a result of ecMarket's alleged improper use of Elemica's Confidential Information and/or trade secrets, as alleged in paragraph 42 of the Amended Complaint.

**<u>RESPONSE:</u>** Elemica objects to this interrogatory to the extent it seeks information that lies in

ecMarket's possession. Elemica intends to seek discovery of such information. Based on the

information currently in Elemica's possession, Elemica incorporates its Rule 26 Initial

Disclosures.



\*\*\* BEGIN CONFIDENTIAL PORTION OF RESPONSE \*\*\*



6



*** END CONFIDENTIAL PORTION OF RESPONSE ***

## INTERROGATORY NO. 7:

Describe in detail each and every "false and/or misleading" statement made by Defendant to any of Elemica's customers. In answering this Interrogatory, please include: (a) the alleged false and/or misleading statement, the (b) the date on which such statement was made, (c) the identity of the person(s) to whom such statements were made, and (d) whether such statements were made orally, by email, by text, by letter, or otherwise.

## RESPONSE:

Elemica objects to this interrogatory to the extent it seeks "each and every" false or misleading statement, as information that lies in ecMarket's possession. Elemica intends to seek discovery of such information. Based on the information currently in Elemica's possession, Elemica is aware of the following false and/or misleading statements:

********** BEGIN CONFIDENTIAL PORTION OF RESPONSE **********





********** END CONFIDENTIAL PORTION OF RESPONSE **********

## INTERROGATORY NO. 8:

Identify each individual who received the Muse Email. Your answer should include: (i) the name of the individual who received the Muse Email; (ii) the current, former or potential Elemica customer with whom the individual is affiliated with or employed by; and (iii) the email address for each individual who received the Muse Email.

**RESPONSE:** Elemica objects to this interrogatory to the extent it seeks individuals' names and email addresses because such information is irrelevant, not proportional to the needs of the case, and in some cases, barred from disclosure under European privacy laws. Subject to the foregoing objections, Elemica identifies the following current, former or potential Elemica customers that employ or are otherwise affiliated with one or more recipients of the Muse Emails:

8

*** BEGIN CONFIDENTIAL PORTION OF RESPONSE ***



*** END CONFIDENTIAL PORTION OF RESPONSE ***

**INTERROGATORY NO. 9:**

In connection with the Muse Email, identify the following:

    a.  The customers being referenced as "a few of you" in the Muse Email;

    b.  The identity of any customers who contacted Elemica in response to the Muse Email and indicated that they had received any communications from ecMarket; and

    c.  Identify the "employees" that were allegedly "inappropriately" contacted by ecMarket, as alleged in the Muse Email.

**RESPONSE:**

*** BEGIN CONFIDENTIAL PORTION OF RESPONSE ***



**\*\*\* END CONFIDENTIAL PORTION OF RESPONSE \*\*\***

**INTERROGATORY NO. 10:**

Identify each Elemica customer who stopped using Elemica's services and/or raised any questions about Elemica or its services as a result of any allegedly false or misleading statements made by ecMarket. Your answer should include: (i) the name of the customer; (ii) the allegedly false or misleading statement made by ecMarket; (iii) the customer's stated reason for its decision to stop using Elemica's services; and (iv) the date that the Elemica customer raised this issue with Elemica.

**RESPONSE:**

Elemica objects to this Interrogatory as not relevant to any claim or defense. Elemica

also objects to this interrogatory to the extent it seeks "each" customer who took certain actions

"as a result of" statements made by ecMarket, as information that lies in ecMarket's possession.

Elemica intends to seek discovery of such information. Based on the information currently in

Elemica's possession, Elemica refers ecMarket to its response to Interrogatory 7. For the

identities of any customers that stopped using Elemica's services and/or raised any questions

about Elemica or its services as a result of any false or misleading statements made by ecMarket,

Elemica refers ecMarket to its response to Interrogatory 6.

**INTERROGATORY NO. 11:**

Identify with specificity the nature and amount of damages that Elemica has incurred as a result any false and misleading statements allegedly made by ecMarket to any of Elemica's former or current customers.

**RESPONSE:**

Elemica objects to this Interrogatory as not relevant to any claim or defense, as damages

are not an element of a claim under the Delaware Deceptive Trade Practices Act. Elemica

objects to this interrogatory to the extent it seeks information that lies in ecMarket's possession. Elemica intends to seek discovery of such information. Based on the information currently in Elemica's possession, Elemica incorporates its Rule 26 Initial Disclosures.

**INTERROGATORY NO. 12:**

Describe in detail the reasons why Plaintiff created the spreadsheet identifying the 1,300 Spokeco Maps or "Trading Partners" that was emailed to Defendant on or about April 1, 2019.

**RESPONSE:**

*** BEGIN CONFIDENTIAL PORTION OF RESPONSE ***



*** END CONFIDENTIAL PORTION OF RESPONSE ***

**INTERROGATORY NO. 13:**

Describe in detail the criteria Plaintiff applied to determine which Spokeco Maps or "Trading Partners" it wanted to deactivate and were included in the spreadsheet emailed to Defendant on or about April 1, 2019.

**RESPONSE:**

*** BEGIN CONFIDENTIAL PORTION OF RESPONSE ***

*** END CONFIDENTIAL PORTION OF RESPONSE ***

11

**INTERROGATORY NO. 14:**

Describe in detail the reasons Elemica selected the first option rather than the second option offered by ecMarket in its April 8, 2019 email regarding the 1,300 dormant Spokeco Maps.

**RESPONSE:**

\*\*\* BEGIN CONFIDENTIAL PORTION OF RESPONSE \*\*\*



\*\*\* END CONFIDENTIAL PORTION OF RESPONSE \*\*\*

**INTERROGATORY NO. 15:**

State whether Elemica notified ecMarket that it had deactivated the 1,300 Spokeco Maps identified in the spreadsheet sent to Elemica on or about April 1, 2019.  If your answer is in the affirmative, please further state: (a) the date of such notification, (b) the person(s) on behalf of Elemica who provided such notification, (c) the person(s) at ecMarket to whom such notification was provided, and (d) whether such notification was verbal, email, text or otherwise. If your answer is in the negative, please further state the reasons why Elemica did not notify ecMarket.

**RESPONSE:**

\*\*\* BEGIN CONFIDENTIAL PORTION OF RESPONSE \*\*\*

\*\*\* END CONFIDENTIAL PORTION OF RESPONSE \*\*\*

12

Dated: July 31, 2023

Respectfully submitted,

PANITCH SCHWARZE BELISARIO &
NADEL, LLP

*/s/ Keith A. Jones*

John D. Simmons (Bar No. 5996)
Keith A. Jones (Bar No. 7011)
Wells Fargo Tower
2200 Concord Pike, Suite 201
Wilmington, DE 19803
Telephone: (302) 394-6001
jsimmons@panitchlaw.com
kjones@panitchlaw.com

***Counsel for Plaintiff Elemica, Inc.***

13

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2023, a true and correct copy of PLAINTIFF ELEMICA, INC.'S AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT/COUNTER-PLAINTIFF ECMARKET, INC.'S FIRST SET OF INTERROGATORIES TO ELEMICA, INC. was served upon the following via electronic mail:

Steven L. Caponi (#3484)
Megan E. O'Connor (#6569)
K&L GATES LLP
600 N. King Street, Suite 901
Wilmington, DE 19801
Telephone: (302) 416-7082
steven.caponi@klgates.com
megan.oconner@klgates.com

OF COUNSEL:

Richard A. Saldinger (admitted *pro hac vice*)
LANDSMAN SALDINGER CARROLL, PLLC
161 N. Clark Street, Suite 1600
Chicago, IL 60601
Telephone: (312) 667-1359
saldinger@lsclegal.com

***Counsel for Defendant/Counter-Plaintiff
ecMarket, Inc. d/b/a Conexiom, Inc.***

*/s/ Keith A. Jones*

Keith A. Jones

14

## Verification of Elemica, Inc.

I, Bradley Delizia for and on behalf of Elemica, Inc., hereby certify that:

I am duly authorized to execute this Verification on behalf of Elemica, Inc.  I have read Elemica, Inc.'s Amended Responses and Objections to Defendant/Counter-Plaintiff's First Set of Interrogatories and I am familiar with the factual statements therein.  The facts presented in the Responses are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Title: Sr. Vice President, General Counsel

Dated: July 25, 2023