# EXHIBIT 23



RICHARD A. SALDINGER
MAIN 312.291.4650
DIRECT 312.291.4652
FAX 872.757.1661
saldinger@lsclegal.com

January 4, 2024

**Via Electronic Mail**
John Simmons
Keith Jones
Panitch Schwarze Belisario & Nadel LLP
2001 Market Street, Suite 2800
Philadelphia, PA 19103
jsimmons@panitchlaw.com
kjones@panitchlaw.com

RE:  Elemica, Inc. v. ecMarket, Inc.

Dear Counsel:

This letter will respond briefly to the issues raised in your letter dated December 22, 2023, and also raise additional outstanding discovery issues. I will address the issues in the order that they were raised in your December 22nd letter.

**PX 086 (ECM 558)**

I think there may be a fundamental misunderstanding regarding Mr. Cadigan's testimony and ECM 558.

First, PX 086 was produced by Elemica, not ecMarket, as ELEM 158-163.

Second, the list titled "Inactive SpokeCos 4.1.2019" was previously produced to Elemica in August 2023 as ECM 0020-0045. Notably, the "native version" of this list should have been produced by Elemica along with Mr. Squillacioti's original April 1, 2019 email to Brent Halverson. In any event, a native version of the Mr. Squillacioti's original list was produced by Elemica as part of ELEM 168 under the tab "Vince Communicated Original." Finally, and for the avoidance of any doubt whatsoever, I am producing the native version of the excel spreadsheet originally sent by Mr. Squillacioti on April 1, 2019 entitled "Inactive SpokeCos 4.1.2019." The attached email is the native version of what ecMarket previously produced as ECM 0020-0045.[1] Please note that the list of "Inactive SpokeCos" in Mr. Squillacioti's April 1, 2019 email is identical to the list set forth in ELEM 168 under the tab "Vince Communicated Original." Still further, the

---

[1] I am forwarding a native version of Mr. Squillacioti's April 1, 2019 email along with this letter. I will provide a bates-stamped version of this document to you shortly.

identical list of "Inactive SpokeCos" is set forth in columns A-C in ECM 558 under the tab "4-20-19 List." Mr. Cadigan mislabeled this tab as it should have been referred to as "4-01-19 List." Thus, there is no dispute that Mr. Cadigan's analysis (as set forth in ECM 558) used the same list of "Inactive SpokeCos" contained in the excel spreadsheet attached to Mr. Squillacioti's original April 1, 2019 email.

Third, any correspondence between my office, on the one hand, and Mr. Cadigan and/or ecMarket, Inc., on the other hand, are protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

### Alleged Spoliation of Evidence

First and foremost, your characterization of Mr. Cadigan's deposition testimony is misleading, to say the very least. Mr. Cadigan testified that ecMarket was able to search for and produce all relevant, responsive communications because it was able to search the email in-boxes of all the requested current and former employees for all of the requested time periods. Unlike Elemica, ecMarket emails are not automatically deleted, and thus no steps needed to be taken to "preserve" those communications. ecMarket did nothing improper regarding the preservation of evidence. Indeed, and as you know, ecMarket produced numerous email communications that should have been, but were not, produced by Elemica.

Second, as Mr. Cadigan explained, at one time, the portal for Elemica, along with portals for other customers of Conexiom, was part of ecMarket's collocation facility, which no longer exists as ecMarket moved to a "cloud-based" facility to provide the Conexiom service to its customers. The portal was removed in the ordinary course of ecMarket's business in or around the summer of 2022. There was no spoliation of evidence by ecMarket.

Third, ecMarket will be producing copies of the source documents relied upon by Mr. Cadigan to support his analysis, as set forth in ECM 558.

Fourth, and in any and all events, ecMarket can and will demonstrate through both documentation and testimony that almost all of the SpokeCos that were the subject of Mr. Squillacioti's April 1, 2019 were deactivated/deleted from ecMarket's production environment in violation of the agreement reached between the parties. Still further, ecMarket will demonstrate through documentation and testimony that only Elemica would have made a request for such deactivations/deletions. The information that may or may not have been contained in Elemica's portal is not necessary for ecMarket to satisfy its burden of proof. As such, ecMarket will not be withdrawing its breach of contract claim.

### Prospects List

As I previously indicated, ecMarket will produce a subset of Conexiom's overall "Prospect List," which is contained within Conexiom's confidential database, reflecting the names any of the companies listed by Elemica in its answer to Interrogatory No. 8 of ecMarket's First Set of Interrogatories. A Declaration by Mark Toffoli will accompany the production of the redacted "Prospect List."



RICHARD A. SALDINGER
MAIN 312.291.4650
DIRECT 312.291.4652
FAX 872.757.1661
saldinger@lsclegal.com

### DuPont Declaration

I have previously produced all of my communications with DuPont in connection with the declaration of Mr. Carrow.

### ecMarket's Outstanding Discovery Requests of Elemica

Interrogatory No. 8 in ecMarket's First Set of Interrogatories requests the name and email address of each individual who received the "Muse Email" and the current, former or potential Elemica customer with whom such individual was affiliated or was employed. To date, Elemica has only produced the names of the Elemica customers, but has refused to produced the names of the individuals and their respective email addresses. You have indicated that Elemica would provide that relevant information, but have yet to provide it. Please produce this long overdue information <u>by the close of business this Friday</u> or ecMarket will seek Court intervention.

ecMarket has also requested any and all communications between Elemica and any of its customers including, but not limited to DuPont, regarding or relating to the pending litigation. To date, Elemica has only produced the Muse Email. Please produce all additional, responsive communications on or before January 12, 2024 or, if it is Elemica's position that there are no such additional communications, please produce an affidavit from an Elemica representative to that effect on or before January 12, 2024.

### Deposition of Monica Brar

Ms. Brar is available for her deposition as an ecMarket corporate representative (in response to Topic No. 25 in Elemica's Rule 30(b)(6) request) on January 15, 2024 or January 16, 2024 Please let me know which of those dates also work in your schedule.

If you would like to discuss any of these matters further, please let me know.

Very truly yours,

Richard A. Saldinger

cc: Steven L. Caponi
Megan E. O'Connor